**Mohamed Joshim UDDIN, Also Known as Jasim Uddin, Petitioner,**

v.

**Jefferson B. SESSIONS, III,
U.S. Attorney General,
Respondent.**

No. 16-60160

**Summary Calendar**

United States Court of Appeals,
Fifth Circuit.

Filed May 3, 2017

the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Khagendra Gharti Chhetry, Esq., Counsel, Chhetry & Associates, P.C., New York, NY, for Petitioner

Lyle Davis Jentzer, Esq., Office of Immigration Litigation, U.S. Department of Justice, Office of Immigration Litigation, Washington, DC, Erik R. Quick, Esq., Trial Attorney, U.S. Department of Justice, Civil Division/OIL, Washington, DC, for Respondent

Before JOLLY, SMITH, and GRAVES, Circuit Judges.

PER CURIAM: *

Mohamed Uddin, a native and citizen of Bangladesh, petitions for review of a decision of the Board of Immigration Appeals ("BIA"). He challenges the denial of his applications for asylum, withholding of removal under the Immigration & Nationality Act, and relief under the Convention Against Torture ("CAT").

The BIA concluded that the record supported an adverse credibility finding and that Uddin's evidence was "insufficiently persuasive" to establish his eligibility for relief from removal. Given the inconsistencies in Uddin's testimonial and documentary evidence that the BIA noted, Uddin has not shown that the evidence compels a contrary conclusion. *See Wang v. Holder*, 569 F.3d 531, 538 (5th Cir. 2009); *Efe v. Ashcroft*, 293 F.3d 899, 908 (5th Cir. 2002).

As for Uddin's claims that the BIA erred in failing to address the other grounds of denial explained by the immigration judge, those challenges have not been exhausted. *See Claudio v. Holder*, 601 F.3d 316, 318 (5th Cir. 2010). Uddin did not assert them to the BIA in his notice to appeal or in a subsequent brief,

and the BIA did not address them. Accordingly, we lack jurisdiction over those unexhausted claims. *See id.*

The petition for review is DENIED in part and DISMISSED in part.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under

the limited circumstances set forth in 5TH CIR. R. 47.5.4.

